IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA LEE DETWILER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action 20-1000 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| ) | |
| Commissioner of Social Security ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Brenda Lee Detwiler ("Detwiler") brought this action for review of the final decision of the Commissioner of Security denying her claim for social security benefits. Detwiler contends that she became disabled on May 31, 2016. (R. 15). She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") in November 2018. (R. 36-84). During the hearing both Detwiler and a vocational expert ("VE") testified. Ultimately, the ALJ denied benefits. (R. 15-30). Detwiler has filed this appeal. The parties have filed Cross-Motions for Summary Judgment. *See* ECF Docket Nos. 17 and 23.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

1

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

    2. The ALJ's Decision

At step one, the ALJ determined that Detwiler had not engaged in substantial gainful activity since the alleged onset date. (R. 18). At step two, the ALJ found that Detwiler suffered from the following severe impairments: chronic obstructive pulmonary disease ("COPD"), coronary artery disease with remote history of stent placement, tobacco abuse, osteoarthritis with chronic pain of bilateral hands and knees, degenerative osteophyte formation and erosive changes of the hands, consistent with psoriatic arthritis, and obesity. (R. 18-19). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 19-20). The ALJ then found that Detwiler had the residual functional capacity ("RFC") to perform light work with certain restrictions. (R. 20-26). At the fourth step the ALJ concluded that Detwiler was able to perform her past relevant work as a Short Order Cook, as generally performed. (R. 28-30). Consequently, the ALJ denied benefits.

    3. Discussion

Significantly, Detwiler does not challenge the ALJ's RFC findings. The only finding at issue involves the ALJ's conclusion that Detwiler is able to return to her past work. During the hearing, the vocational expert ("VE") summarized Detwiler's vocational history as follows:

3

> Short order cook, DOT code 313.374-014, SVP of 3, semi-skilled position. Exertion level light. Performed at medium.

(R. 73-74). In response to a hypothetical, the VE then testified that a hypothetical claimant with Detwiler's RFC could perform her past relevant work as a short order cook as generally performed. (R. 77). The ALJ relied upon that testimony in making her findings. (R. 28). Specifically, the ALJ found that:

> The claimant is capable of performing past relevant work as a Short Order Cook, DOT 313.374-010, as generally performed. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity…. The vocational expert at the hearing classified the claimant's past work as Short Order Cook, DOT 313.374-010, specific vocational preparation 3 /semi-skilled, light exertion as generally performed and medium exertion as actually performed, as per the claimant's testimony.

(R. 28).

The issue before me is the accurate classification of Detwiler's past relevant work. The ALJ identified the same job title, she identified the same exertional level, and she identified the same SVP level as did the VE. However, she incorrectly cited to the DOT classification for COOK, Fast Food whereas the VE correctly cited to the DOT classification for Short Order Cook. The numbers differed with respect to the last digit. The ALJ used "0" whereas the VE used "4". Significantly, Detwiler does not contend that her past relevant work actually conforms with the description in the DOT for Cook, Fast Food. I agree with the Defendant that the ALJ simply erred in citing to the DOT. She erroneously substituted a "0" for the "4" in the last number of the DOT classification.

4

This finding is supported by the ALJ's notation that the VE's testimony is consistent with the DOT. (R. 30).  As such, I find that the error is harmless in nature.[2]

Consequently, there is no basis for remand.

---

[2] Detwiler cites to the decision in *Cefalu v. Barnhart*, 387 F.Supp.2d 486, 491 (3d Cir. 2005) in support of the contention that a district court cannot rectify an ALJ's errors. The *Cefalu* decision is not controlling. First, the *Cefalu* court was not considering whether a district court could, in fact, rectify an ALJ's errors. Rather, the language is included in reciting the standard of review. Consequently, it is not illustrative of how to apply the legal standard to a particular fact pattern. Second, the *Cefalu* court cited to *Fargnoli v. Massanari*, 247 F.3d 34, 44 n. 7 (3d Cir. 2001) in support of the statement regarding rectifying an ALJ's errors. The passage from the *Fargnoli* decision ("the District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ. This runs counter to the teaching of *SEC v. Chenery Corp.*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943), that '[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.' *Id.*, at 87, 63 S.Ct. 454"; parallel and other citations omitted), clarifies that the *Cefalu* decision is inapplicable. Here, I did not engage in my own independent analysis by relying upon evidence not mentioned by the ALJ. Rather, I considered the ALJ's own findings in order to clarify the decision.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA LEE DETWILER ) <br>     Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> KILO KIJAKAZI, ) <br> ) <br> Commissioner of Social Security, Defendant. ) | Civil Action No. 20-1000 |

AMBROSE, Senior District Judge.

## ORDER OF COURT

    Therefore, this 1st day of October, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 17) is DENIED and the Motion for Summary Judgment (Docket No. 23) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

                                        BY THE COURT:

                                        */s/ Donetta W. Ambrose*
                                        Donetta W. Ambrose
                                        United States Senior District Judge